UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CINDY NORMA SAYAD,

    Petitioner,

v.

WALTER MILLER, Warden,

    Respondent.

No. C 13-1915 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Cindy Norma Sayad, an inmate at the Central California Women's Facility in Chowchilla, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Her petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Her motions for appointment of counsel, an evidentiary hearing, and to proceed as a pauper also are before the court.

## BACKGROUND

Sayad was convicted in Contra Costa County Superior Court of "driving under the influence causing injury, plus enhancements." Docket # 1, p. 2. On July 10, 2010, she was sentenced to ten years in prison. She appealed. The California Court of Appeal affirmed the conviction and the California Supreme Court denied the petition for review in 2012. Sayad also filed unsuccessful state habeas petitions before filing this action.

## DISCUSSION

### A. Review Of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges the following claims: (1) Sayad received ineffective assistance of counsel in that counsel failed to call witness Samantha Gilmore; (2) Sayad's Sixth Amendment right to confront witnesses was violated when the trial court improperly excluded evidence relevant to a prosecution witness' credibility; and (3) the cumulative effect of these errors denied her due process. Liberally construed, the claims are cognizable in a federal habeas proceeding.

### B. Petitioner's Motions

Petitioner requests that counsel be appointed to represent her in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is DENIED. (Docket # 3.)

Petitioner's motion for an evidentiary hearing is DENIED. (Docket # 4.) If, after the petition is fully briefed on the merits, the court determines that an evidentiary hearing is necessary it will order one *sua sponte*.

# CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **September 20, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, she must do so by filing a traverse with the court and serving it on respondent on or before **October 18, 2013**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that she must include the case name and case number for this case on any document she submits to this court for consideration in this case.

7. Petitioner's motions for appointment of counsel and an evidentiary hearing are DENIED. (Docket # 3 and # 4.) Her *in forma pauperis* application is GRANTED. (Docket # 2.)

IT IS SO ORDERED.

DATED: July __, 2013

_____
SUSAN ILLSTON
United States District Judge